**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Richard Rohrbach, | No. CV-17-08119-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Gregory Richard Rohrbach's Application for Supplemental Security Income Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 13, "Resp."), and Plaintiff's Reply (Doc. 16, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 9, R.) and now reverses the Administrative Law Judge's decision (R. at 19–31) as upheld by the Appeals Council (R. at 14–17).

## I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income Benefits on March 18, 2013, for a period of disability beginning April 20, 2009. (R. at 22.) Later, Plaintiff amended the onset date to April 1, 2013. (R. at 22.) Plaintiff's claim was denied initially on August 14, 2013 (R. at 22), and on reconsideration on February 11, 2014 (R. at

22.) Plaintiff then testified at a video hearing held before an Administrative Law Judge ("ALJ") on December 8, 2015. (R. at 22.) On February 22, 2016, the ALJ denied Plaintiff's Application. (R. at 31.)[1] On December 7, 2016, the Appeals Council denied a request for review of the ALJ's decision. (R. at 14–17.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged impairments: osteoarthritis of the right knee, history of knee surgeries (1980's), status post cervical laminectomy (1980's), history of shoulder surgeries, carpal tunnel syndrome, obesity, lumbar and cervical degenerative disc disease and spondylosis, hypertension, and obstructive sleep apnea. (R. at 25.)

Ultimately, the ALJ determined that Plaintiff is not disabled because while Plaintiff's alleged impairments "could reasonably be expected to cause some of the alleged symptoms . . . [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. at 27.) The ALJ found that Plaintiff is unable to perform his past relevant work as a painter but has the residual functional capacity ("RFC") for light unskilled work available in the national economy. (R. at 30.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is

---

[1] The ALJ notes that Plaintiff applied for benefits once before and was denied by an ALJ on October 25, 2012. (R. at 22.) While "specific consideration must be given to the res judicata effect of [the] prior decision, . . . [which] gave rise to a presumption that [Plaintiff] continued to not be disabled," the ALJ correctly points out that Plaintiff "rebutted the presumption of continuing disability due to a change in age category." (R. at 22.)

more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred by improperly discounting the opinions of Plaintiff's treating physician; and (2) the ALJ erred by discrediting Plaintiff's symptom testimony. (Pl.'s Br. at 1.)

### A. The ALJ Erred by Giving Little Weight to the Opinions of Plaintiff's Treating Physician Without Providing Specific and Legitimate Reasons, Supported by Substantial Evidence, for Her Decision

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.*

Given this hierarchy and a treating physician's position at the top if it, if the treating physician's evidence is controverted by a nontreating or nonexamining physician, the ALJ may disregard it only after "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can meet this burden only by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Normally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician." *Lester*, 81 F.3d at 831.

Here, Plaintiff's two treating physicians reported that Plaintiff has severe physical restrictions. Dr. Narayanaswamy Deepak found that Plaintiff could sit for 15 to 30 minutes at a time and one to two hours total. (R. at 28.) Dr. Deepak also opined that Plaintiff could

1 stand or walk for two hours of an eight-hour workday, could lift or carry five pounds
2 occasionally, and could never squat, crawl, climb, or reach. (R. at 28.) Similarly, Dr. Nimfa
3 Aguila found that Plaintiff could sit for 30 minutes at a time and for a total of two hours in
4 an eight-hour day and could stand or walk for two hours during that time. (R. at 28.) Dr.
5 Aguila opined that Plaintiff could frequently lift or carry five pounds and occasionally six
6 to twenty pounds. (R. at 28.) When presented with Dr. Deepak's assessment, the VE found
7 that Plaintiff could not sustain full-time employment. (R. at 98.) The VE found the same
8 when presented with Dr. Aguila's diagnosis. (R. at 98.)

The ALJ assigned "minimal weight to the opinions of Dr. Deepak and Dr. Aguila, as the course of treatment is not what would be expected given the limitations proposed by these medical sources." (R. at 28.) The ALJ found the treating physicians' opinions unreliable because Plaintiff "consistently reported that his pain improved with medications and the record overall does not contain significant physical examinations substantiating limitations beyond those assessed in this decision." (R. at 28.) The ALJ did not provide any further reasons to reject the testimony of Dr. Deepak and Dr. Aguila.

On the other hand, the ALJ assigned "partial weight" to the opinions of two nonexamining agency reviewers. (R. at 29.) One reviewer found "no change in [Plaintiff's] circumstances" since the denial of his 2012 application and affirmed that denial, and the other found that Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently, could stand or walk for six hours and sit for six hours of an eight-hour day, leading her to "assess[] [Plaintiff] with a medium [RFC]." (R. at 29.) The ALJ found that "[w]hile the [RFC] assessed herein is more restrictive, [the nonexamining physicians'] opinions support the conclusion that the claimant is not precluded from all work." (R. at 29.)

These opinions of the two desktop reviewers contradict the testimony of Plaintiff's treating physicians.[2] Thus, the ALJ was required to provide specific and legitimate reasons,

---

[2] In his opening brief, Plaintiff suggests that because the desktop reviewers found Plaintiff to be partially—but not completely—disabled, that their testimony does not directly contradict the findings of the treating physicians. (Pl.s Br. at 10–11.) In his Reply,

supported by substantial evidence, to reject the examining physicians' testimony. The Court finds that the ALJ failed to do so.

The ALJ must have relied upon more than the contradictory opinions of two desktop reviewers, whose opinions on their own cannot constitute substantial evidence sufficient to reject the testimony of treating physicians. *Lester*, 81 F.3d at 831. But it is not clear what evidence the ALJ did rely on, other than the fact that Plaintiff reported his pain had improved with medication, because the ALJ otherwise cites generally to "the evidence of record, as discussed herein," and "the record overall." (R. at 28.) *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (finding the ALJ "errs when he rejects a medical opinion or assigns it little weight [by] criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). And while "we will not fault the agency merely for explaining its decision with less than ideal clarity, we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotations and citations omitted).

The Court is not within its power to speculate about what evidence led the ALJ to her conclusion—especially because much of her preceding opinion deals with the credibility of Plaintiff's testimony, and not a thorough review of his various diagnoses. *See id.* (finding that where the ALJ fails to provide specific reasons for discrediting claimant testimony, the "reviewing court will be unable to review those reasons meaningfully [because the court] cannot engage in [] substitution or speculation.") (internal quotations and citations omitted). Lacking any specific and legitimate reasons to do so, the ALJ erred in rejecting the testimony of Plaintiff's treating physicians.

When counsel posed hypotheticals to the VE that incorporated the limitations set forth by Dr. Deepak and Dr. Aguila, the VE concluded that a person with those limitations could perform no work. (R. at 98–99.) Had the ALJ properly incorporated the findings of

---

Plaintiff seems to concede that the desktop reviewers contradict the treating physicians and instead argues that the ALJ lacked specific and legitimate reasons to reject the treating physicians' testimony (Reply at 2–3), and the Court finds that the difference between the two sets of opinions is sufficient to constitute contradictory evidence.

Plaintiff's treating physicians, she would have been compelled to conclude that Plaintiff is disabled under the Act. The Court thus need not examine the other grounds for reversal raised by Plaintiff.

### B. The Credit-as-True Rule Applies

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl.'s Br. at 19–20.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the credit-as-true rule applies. As the Court discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of the examining physicians. If this evidence is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison v. Colvin*, 759 F.3d at 1022-23; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 & n.12 (9th Cir. 2007).

## IV. CONCLUSION

Plaintiff raises materially harmful error on the part of the ALJ, and, for the reasons set forth above, the Court must reverse the SSA's decision denying Plaintiff's Applications for Disability Insurance and Supplemental Security Income benefits under the Act and remand for a calculation of benefits.

**IT IS THEREFORE ORDERED** reversing the February 22, 2016 decision of the Administrative Law Judge, (R. at 19–31), as upheld by the Appeals Council on December 7, 2016, (R. at 14–17).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 19th day of February, 2019.

Honorable John J. Tuchi
United States District Judge